**UNITED STATES of America,**
**Plaintiff–Appellee,**

**Charles M. Carberry, Appellee,**

**v.**

**William T. HOGAN, Jr., and Dane**
**M. Passo, Appellants,**

International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL–CIO, the Commission of LA Cosa Nostra, Anthony Salerno, also known as Fat Tony, Matthew Ianniello, also known as Matty the Horse, Anthony Provenzano, also known as Tony Pro, Nunzio Provenzano, also known as Nunzi Pro, Anthony Corallo, also known as Tony Ducks, Salvatore Santoro, also known as Tom Mix, Christopher Furnari, Sr., also known as Christie Tick, Frank Manzo, Carmine Persico, also known as Junior, also known as The Snake, Gennaro Langella, also known as Gerry Lang, Nicholas Marangello, also known as Nicky Glasses, Joseph Massino, also known as Joey Messina, Anthony Ficarotta, also known as Figgy, Eugene Boffa, Sr., Francis Sheeran, Milton Rockman, also known as Maishe, John Tronolone,

also known as Peanuts, Joseph John Aiuppa, also known as Joey O'Brien, also known as Joe Doves, also known as Joey Aiuppa, John Phillip Cerone, also known as Jackie the Lackie, also known as Jackie Cerone, Joseph Lombardo, also known as Joey the Clown, Angelo Lapietra, also known as The Nutcracker, Frank Balistrieri, also known as Mr. B, Carl Angelo Deluna, also known as Toughy, Carl Civella, also known as Corky, Anthony Thomas Civella, also known as Tony Ripe, General Executive Board, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Jackie Presser, General President, Weldon Mathis, General Secretary–Treasurer, Joseph Trerotola, also known as Joe T, First Vice President, Robert Holmes, Sr., Second Vice–President, William J. McCarthy, Third Vice President, Joseph W. Morgan, Fourth Vice President, Edward M. Lawson, Fifth Vice President, Arnold Weinmeister, Sixth Vice President, John H. Cleveland, Seventh Vice President, Maurice R. Schurr, Eighth Vice President, Donald Peters, Ninth Vice President, Walter J. Shea, Tenth Vice President, Harold Friedman, Eleventh Vice President, Jack D. Cox, Twelfth Vice President, Don L. West, Thirteenth Vice President, Michael J. Riley, Fourteenth Vice President, Theodore Cozza, Fifteenth Vice President, Daniel Ligurotis, Sixteenth Vice President, Salvatore Provenzano, also known as Sammy Pro, Former Vice President, Michael C. Bane, Defendants.

No. 03–6196, 03–6210.

United States Court of Appeals,
Second Circuit.

Sept. 23, 2004.

Matthias A. Lydon, Winston & Strawn LLP, Chicago, IL (Derek G. Barella, Anthony DiSarro, Jonathan H. Lewis, Winston & Strawn LLP, Chicago IL), Patrick J. Cotter, Arnstein & Lehr LLP, Chicago, IL, for Appellants.

Andrew W. Schilling, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Meredith E. Kotler, Assistant United States Attorney), New York, NY, for Appellees, of counsel.

Charles M. Carberry, Independent Review Board Chief Investigator (Todd R. Geremia, Jones Day), New York, NY, for Appellees, of counsel.

PRESENT: SACK, RAGGI, and HALL, Circuit Judges.

### SUMMARY ORDER

William Hogan and Dane Passo appeal from the August 25, 2003, judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*) affirming the findings of the Independent Review Board ("IRB") of the International Brotherhood of Teamsters ("IBT"). *United States v. IBT*, No. 88 Civ. 4486(LAP), 2003 WL 21998009, 2003 U.S. Dist. LEXIS 14508 (S.D.N.Y. Aug.25, 2003). The IRB found that Hogan and Passo colluded with a non-union employer to enter into a contract that would harm members of IBT Local 631 and thereby brought reproach on the union in violation of Article II, Section 2(a) and Article XIX, Sections 7(b)(1) and (2) of the IBT Constitution.

Hogan and Passo argue that the IRB decision impermissibly violated their free speech rights under the First Amendment and the Labor–Management Reporting and Disclosure Act of 1959 ("LMRDA"). The district court was correct in concluding, however, that the IRB's sanctions were not for the mere advocacy of ideas, but were a response to the actions Hogan and Passo took to benefit their friend Richard Simon and Hogan's brother, which they knew would harm the Local. Because the IRB's efforts were designed to rid the Local of the defendants' corrupt influence, the district court did not err in finding that the IRB's behavior did not violate Hogan and Passo's rights under the

LMRDA or the First Amendment. *See United States v. IBT* (*"DiGirlamo"*), 19 F.3d 816, 823 (2d Cir.1994).

■ Hogan and Passo also argue that the proposed contract would not have harmed the union. We review the IRB's decision for "substantial evidence." *United States v. IBT* (*"Giacumbo"*), 170 F.3d 136, 143 (2d Cir.1999). Assuming the IRB's factual findings are supported by "substantial evidence," we disturb its findings only if they are "arbitrary and capricious." *Id.* Based on an exhaustive hearing during which both Passo and Hogan testified, the IRB expressly found that "Passo and Hogan colluded with Simon to enable Simon to profit from paying his workers below the rates the governing Teamster contract required.... There was no benefit to Local 631, its members or the United employees. In fact, they were repeatedly harmed. Passo's and Hogan's claimed reasons for advocating the agreement with United are not believable." IRB Decision at 57. Having carefully reviewed the hearing record, we conclude that the IRB's findings are supported by substantial evidence, are not arbitrary or capricious, and plainly demonstrate that Hogan and Passo were negotiating a contract that they knew would have harmed the union.

■ Hogan and Passo also argue that the IRB exceeded its authority in reaching its determination that Passo and Hogan's conduct brought reproach upon the IBT. The IRB has a broad grant of authority, including the ability to investigate and discipline any person whose actions bring reproach upon the union. *See United States v. IBT* (*"Mireles & Roa"*), 315 F.3d 97, 99 (2d Cir.2002). In light of Hogan and Passo's conduct, the IRB has not exceeded its broad authority in this case. Hogan and Passo's argument is without merit.

■ Finally, Hogan and Passo argue that the IRB's choice of sanction was excessive. "The court must sustain the IRB's determination unless it finds the penalty 'unwarranted in law' or 'without justification in fact.'" *Giacumbo*, 170 F.3d at 144. "The choice of appropriate sanctions ... [is] peculiarly within the purview of the IRB." *Id.* This Court recently stated that "[e]xpulsion from union membership, though a drastic sanction, is permissible under the LMRDA if the union's constitution so provides. There is no dispute that the IBT Constitution provides that a member may be stripped of membership rights if found guilty of misconduct." *United States v. Boggia*, 167 F.3d 113, 120 (2d Cir.1999) (citation omitted). Based on the evidence presented to it, the IRB found that Hogan and Passo colluded to push through a contract that threatened to undermine the bargaining position, wages, and benefits of Local 631; that they did so to aid their friend and Hogan's brother; that, in doing so, they instigated the firing of several union officers who opposed Hogan's and Passo's efforts to secure a contract with Simon; that they lied to local union officials in an effort to pressure them into approving the contract; and that they did all this while in positions of trust. Ample evidence supported the IRB's findings, and therefore the sanction of expulsion was well within the IRB's broad discretion.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.